# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CLAYTON DOBBINS, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-1206-N-AH | |
| ) | | |
| KROGER COMPANY, ) | | |
|     Defendant. ) | Referred to U.S. Magistrate Judge | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a *pro se* civil action.

    Parties: Plaintiff is a resident of Irving, Texas. Defendant is Kroger Company. No process has been issued in this case pending preliminary screening.

    Statement of the Case: On July 16, 2008, Plaintiff filed the complaint in this action along with a motion to proceed *in forma pauperis* to establish that he is unable to pay the $350.00 filing fee. On July 23, 2008, Plaintiff submitted a supplemental affidavit in support of his request to proceed *in forma pauperis*, as requested by the court.

    Findings and Conclusions: The statute authorizing the court to grant *in forma pauperis* status to an indigent litigant states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

> criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The mere execution of an affidavit of indigence does not automatically entitle a litigant to proceed *in forma pauperis*. Rather, the court enjoys limited discretion to grant or deny a motion for leave to proceed *in forma pauperis* based upon the financial statement set forth within the applicant's affidavit. *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 337, 69 S. Ct. 85, 88 (1948); *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.1988); *Green v. Estelle*, 649 F.2d 298, 302 (5th Cir. Unit A June 1981); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiff has failed to show that he is a person entitled to proceed without the payment of the $350 filing fee. While he has been unemployed since 2006, his pleadings establish that his wife has been employed with gross monthly earnings of $4026. (Plaintiff's Affidavit filed July 23, 2008, at 1). Neither Plaintiff nor his wife have any dependent children. (*Id.* at 4). Moreover, they own a home valued at $130,000 on which they make monthly mortgage payments of $1,544. Plaintiff and his wife also own two vehicles, a Mitsubishi Eclipse valued at $5,000, and an inoperable 1985 Chrysler Le Baron. (*Id.* at 3). Although the couple's estimated monthly expenses exceed the wife's net income, the expenses attributed to utilities, medical, insurance

and car payments appear excessive without further detailed explanations. Under such circumstances, Plaintiff's motion to proceed *in forma pauperis* should be denied.

Plaintiff's motion to appoint counsel should likewise be denied. A plaintiff in a civil rights action is not entitled to court appointed counsel as a matter of law. *See Castro Romero v. Becken*, 256 F.3d 349, 353 -354 (5th Cir. 2001); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Moreover, in the instant case, Plaintiff has failed to show that his case presents any exceptional circumstances warranting the appointment of counsel. *See Ulmer*, 691 F.2d at 212 (listing factors to be considered in appointing counsel).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motion to proceed *in forma pauperis* (Docket #2), and dismiss this action unless Plaintiff tenders the $350.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is further recommended that Plaintiff's motion to appoint counsel be denied without

prejudice (Docket #4).

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 28th day of July, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.