# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **CLAYTON DOBBINS** | ) | |
| | ) | |
| **v.** | ) | **3-08-CV-1206-N** |
| | ) | |
| **KROGER COMPANY** | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on February 23, 2009, and the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) on March 4, 2009, came on to be heard Defendant's motion to dismiss filed on January 22, 2009, and Plaintiff's motion for default judgment filed on January 30, 2009, and having considered the relevant pleadings and attachments and the statements of Plaintiff and counsel for Defendant, the magistrate judge finds and recommends as follows:

1. **Plaintiff's motion for default judgment.** Dobbins has moved for default judgment on the basis of the fact that service of process was attempted to have been effected by transmitting the required documents by Federal Express to the "Kroger Company, 19245 David Memorial Drive, Shenandoah, Texas,"[1] where it was signed for by J. Bowie, a receptionist at the front desk on December 30, 2008, and that Kroger Texas L.P. failed to file an answer or otherwise plead until January 22, 2009. A defendant's appearance two or three days late is ordinarily not grounds for granting a default judgment in favor of a plaintiff. A default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings*

---

[1] The address to which process was sent is that provided to the court by Mr. Dobbins. As has been pointed out as early as March 20, 2007, the correct legal name of his prior employer is Kroger Texas L.P. *See* Plaintiff's motion at 14-15, a letter to the EEOC from Kroger Texas L.P.'s representative.

*Association,* 874 F.2d 274, 276 (5th Cir. 1989). Therefore it is well within the discretion of the District Court to deny Plaintiff's motion filed only after Kroger Texas L.P. entered its appearance, in filing a motion to dismiss, etc. and its answer.

Moreover, in the present case it is clear that Defendant was not properly served which forecloses the entry of a default judgment as a matter of law. Plaintiff has made no showing that the receptionist, J. Bowie, was a registered agent for service of process or that she was otherwise authorized to accept service on behalf of Kroger Texas L.P.

Therefore, Plaintiff's motion for default judgment should be denied.

**2. Defendant's motion to dismiss, etc.** Kroger Texas L.P.'s motion advances two grounds in support of its motion to dismiss. First, it asserts that Dobbins failed to file this action within 90 days after receiving his right-to-sue letter from the EEOC. Second, it claims that he failed to timely exhaust his administrative remedies with respect to his termination.[2]

Defendant's counsel agreed that in light of the EEOC's issuance of a second right-to-sue letter on April 21, 2008, *See* Exhibit F to Plaintiff's response filed on February 24, 2009, that Dobbins filed his original complaint within the 90 days period following his receipt of the April 21, 2008, letter.

The second basis for its motion is Kroger Texas L.P.'s claim that Dobbins failed to timely exhaust his claim of discriminatory termination. Plaintiff's Amended Complaint at 2-3, filed on October 27, 2008, clearly alleges that he was terminated as an employee based on his race and in

---

[2]In its motion to dismiss Defendant does not raise an insufficient service of process issue, *see* Rule 12(b)(5), nor does it assert it as an affirmative defense in its answer. Therefore, it appears that Defendant is not contesting the manner of service except to demonstrate that such deficiency precludes the entry of a default judgment in Plaintiff's favor.

2

retaliation for having filed EEOC case # 310-2005-05126. It is undisputed that his employment with Defendant terminated on December 17, 2005. *See* Exhibit A to Defendant's motion to dismiss. It likewise appears that the EEOC complaint identified in Plaintiff's amended complaint was filed prior to his termination. *Id.* at Exhibit B. The EEOC issued a right-to-sue letter on that complaint on August 29, 2006. *Id.* at C. Therefore, to the extent that Dobbins is attempting to pursue an action based upon the conduct alleged in EEOC complaint # 310-2005-05126 the same is barred. As distinguished from his EEOC complaint in #450-2007-00627 on which the EEOC issued a right-to-sue letter on April 21, 2008, Dobbins did not file his present action within 90 days of his receipt of the August 29, 2006, right-to-sue letter. The 90 day limit is strictly construed. *See e.g. Taylor v. Book A Million, Inc.,* 296 F.3d 376, 379 (5th Cir. 2002) citing *Nilsen v. City of Mass Point, Miss.,* 674 F.2d 379, 381 (5th Cir. 1982) and *Ringgold v. National Maintenance Corp.*, 796 F.2d 769,770 (5th Cir. 1986).

Notwithstanding the plain language stated in his amended complaint Dobbins contends that his suit is based on the allegations set out in complaint #450-2007-00627 in which he claims to have been denied re-employment by Defendant based on his race and in retaliation for having filed his prior complaint in #310-2005-05126.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the District Court deny Plaintiff's motion for default judgment, and

It is further recommended that the District Court grant Defendant's motion for summary judgment unless within twenty (20) days of the date of this recommendation Dobbins files a motion for leave to file an amended complaint in accordance with the requirements of Local Rule 15.1 **or**

files his second amended complaint alleging claims which are consistent with the claims asserted in EEOC complaint #450-2007-00627 together with the written consent of Defendant's attorney. *See* Rule 15(a), Federal Rules of Civil Procedure.[3]

It is further recommended that in the event Dobbins amends his complaint that Kroger Texas L.P. be permitted to file a subsequent motion for summary judgment. *See* Local Rule 56.2(b).

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendant.

SIGNED this 4th day of March, 2009.

                                       WM. F. SANDERSON, JR.
                                       UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[3] Due to Plaintiff's lay status it is appropriate to allow him one more opportunity to plead his best case. Any amendment to Plaintiff's discrimination claim should designate Kroger Texas L.P. as the defendant.